UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

***AMENDED * CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | J. Barrett Marum | |

**Proceedings:**   **DEFENDANT. U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS & LOAN ASSOCIATION., F.A.'S MOTION TO DISMISS** (filed 01/29/09)

## I.   INTRODUCTION

On November 13, 2008, plaintiff Jeff Cross filed the instant suit against defendants Downey Savings and Loan Association, F.A. and Does 1-250 in Los Angeles County Superior Court alleging claims for (1) violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); (2) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* based on his TILA claim; (3) unfair and fraudulent business practices pursuant to Cal. Bus. Prof. Code § 17200 *et seq.*; (4) fraudulent omission; (5) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* based on a violation of Cal. Fin. Code § 22302; (6) quiet title; (7) rescission based on fraud; (8) rescission based on Cal. Civ. Code § 2924(f); (9) unfair debt collection practices; (10) breach of contract; (11) breach of the covenant of good faith and fair dealing; and (12) declaratory and injunctive relief. On January 14, 2008, defendant removed the action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

On January 29, 2009, defendant filed the instant motion to dismiss. On February 11, 2009, plaintiff filed his opposition. On February 13, 2009, defendant filed its reply. A hearing was held on February 23, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

***AMENDED * CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

Plaintiff alleges that on or about January 9, 2006, he entered into a written contract with defendant for the refinancing of his then existing mortgage loan with defendant. Compl. ¶ 9. Plaintiff alleges that he received $442,400.00 at an initial interest rate of 6.69% with (1) a lifetime payment rate cap of 10.95%; (2) a thirty year repayment term; and (3) an interest rate change after the first twelve months of the loan. Id. Plaintiff alleges that on or about January 9, 2006, he signed a document entitled "ADJUSTABLE RATE RIDER," which provided that the interest rate of 6.69% would change to 1.5% at the first interest rate change date. Id. ¶ 10. Plaintiff further alleges that the refinance transaction was consummated on or about January 19, 2006, and that he paid $10,914.73 in closing costs and fees. Id. ¶ 11.

Plaintiff alleges that defendant sold an option ARM loan to him that varied from what he was promised. Id. ¶ 12. Plaintiff alleges that defendant promised him a low fixed payment based on a low listed interest rate, but that defendant in fact charged a different, much greater interest rate. Id. Plaintiff further alleges that defendant failed to disclose the fact that the subject loan was "designed to cause negative amortization to occur." Id. Plaintiff further alleges that defendant extended the subject loan to plaintiff knowing that he did not understand its terms and conditions. Id. However, plaintiff acknowledges in his complaint that the Federal Truth in Lending Disclosure Statement that defendant issued to him indicated the following (1) that payments for the first month would be $1,526.82; (2) that payments for the following twelve months would adjust to $1,641.33; (3) that payments for the following twelve months would adjust to $1,764.43; (4) that payments for the following twelve months would adjust to $1,896.76; (5) that payments for the following six months would adjust to $2,039.02; (6) that payments for the following 305 months would adjust to $3,314.63; and (7) that one final payment of $3,308.38 was due at the end of the loan term. Id. ¶ 13. Furthermore, the note itself, which plaintiff attaches to his complaint, clearly indicates on the first page in bold font that it has a variable interest rate. Id. Ex. A ("THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT.").

Plaintiff alleges that on or about October 14, 2008, defendant conducted a non-judicial foreclosure sale of plaintiff's home and foreclosed on the deed of trust. Plaintiff further alleges that he did not receive notice of the trustee's sale pursuant to Cal. Civ. Code § 2924(f). Compl. ¶ 14.

### III.   LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

  In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

  Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

  Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

  For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

   **A.   Plaintiff's First Claim**

Defendant argues that plaintiff's TILA claim for damages is time-barred pursuant to 15 U.S.C. § 1640(e). Section 1640(e) provides that claims for damages must be brought "within one year from the date of the occurrence of the violation." Defendant asserts that the limitations period runs from the date the loan transaction is consummated. Mot. at 3 (citing King v. California, 784 F.2d 910, 915 (9th Cir. 1986)). Defendant contends that plaintiff's damages claim is time-barred because the loan transaction at issue was consummated on January 9, 2006, and plaintiff filed this action on November 13, 2008.

Similarly, defendant argues that plaintiff's TILA claim for rescission is time-barred pursuant to 15 U.S.C. § 1635(f). Section 1635(f) provides that a TILA claim for rescission "shall expire three years after the date of consumation of the transaction or upon the sale of property, whichever occurs first." Defendant argues that plaintiff's rescission claim is time-barred because the loan transaction was consummated on January 9, 2006. Mot at 3. Defendant contends that plaintiff's rescission claim was cut off on October 14, 2008, the date of the foreclosure sale of plaintiff's property. Id. (citing Hallas v. Ameriquest Morgt. Co., 406 F. Supp. 2d 1176, 1183 (D. Or. 2005)).

Plaintiff responds that his TILA claims are timely because he did not discover any violations until December 2007. Opp'n at 9. Plaintiff further argues that defendant is equitably estopped from arguing that his TILA claims are time-barred because he has properly alleged that he "could not have discovered the existence of the violation but for the fraud perpetrated by the defendant." Id. at 9 (citing Federal Home Loan Mortgage v. Potter, 185 B.R. 68, 72 (1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

***AMENDED * CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

The Court concludes that plaintiff's first claim for violations of TILA is time-barred pursuant to 15 U.S.C. §§ 1635(f) and 1640(e). Plaintiff's rescission claim is time-barred because the property was sold on October 14, 2008. Plaintiff's damages claim is similarly time-barred because plaintiff filed this suit on November 13, 2008, which was more than a year after the occurrence of the alleged violation. Moreover, plaintiff has not demonstrated that equitable tolling should apply. King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986) ("[A]s a general rule the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly."). Plaintiff has not alleged any misrepresentation or concealment of material facts. Rather, he alleges that the terms of the loan were disclosed to him. Plaintiff attaches the loan documents to his complaint which plainly disclose (1) that his loan contained a variable rate feature and (2) what his mortgage payments would be for the duration of the loan. See Compl. ¶ 13, Ex. A and D. Therefore, the Court cannot conclude that defendant fraudulently concealed any feature of the loan. Sprewell, 266 F.3d at 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

### B.    Plaintiff's Second Claim

Plaintiff's second claim alleges that defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code §17200, by virtue of defendant's alleged TILA violations. Compl. ¶ 44.

Defendant argues that since plaintiff's TILA claim is time-barred, plaintiff's UCL claim should also be dismissed because it is dependent on his TILA claim. Mot at 4. Defendant further argues that plaintiff cannot avoid the statute of limitations by using the UCL to provide a remedy for TILA claims that are otherwise barred. Id. (citing Silvas v. E*Trade Mortg. Corp. 421 F. Supp. 2d 1313, 1320 (S.D. Cal. 2006)).

Plaintiff responds that his UCL claim is not time-barred "based upon equitable estoppel." Opp'n at 8. Plaintiff argues that he has properly alleged that he "could not have discovered the existence of the violation but for the fraud perpetrated by the defendant." Id. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

The Court concludes that plaintiff's second claim should be dismissed. Plaintiff's TILA claims are time-barred, as discussed supra, and he cannot use the UCL to circumvent TILA's limitations provisions. Silvas, 421 F. Supp. 2d at 1320. Furthermore, as discussed supra, defendant is not equitably estopped from arguing that plaintiff's claims are time-barred because it appears that the features of the loan that plaintiff complains of were disclosed to him. Compl. ¶ 13, Ex. A and D; Thompson, 300 F.3d at 754.

    **C.    Plaintiff's Third Claim**

Plaintiff's third claim alleges that defendant violated the UCL and, specifically, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), the Federal Debt Collection Practices Act ("FDCPA"), and the Real Estate Settlement Procedures Act ("RESPA"), by extending the subject loan to plaintiff without verifying his ability to repay and with knowledge that he would not be able to repay because of the interest rate adjustment. Compl. ¶¶ 53-54.

Defendant responds that, to the extent plaintiff seeks to use the UCL to regulate defendant's activities with respect to the credit it extended to plaintiff, his claim is preempted. Mot. at 5. Defendant contends that regulations promulgated by the Office of Thrift Supervision ("OTS") preempt state laws affecting the operations of federal savings associations. Id. (citing 12 C.F.R. § 560.2(a) ("OTS hereby occupies the entire field of lending regulation for federal savings associations"); Flagg v. Yonkers S & L Ass'n., 396 F.3d 178, 182 (2d Cir. 2005)). Moreover, defendant argues that plaintiff has not alleged any improper debt issuance or collection practices to support his FDCPA, Rosenthal Act, and RESPA claims. Mot. at 6.

Plaintiff acknowledges that his third claim is preempted and states that he will "amend the third cause of action to the extent that it does not violate pre-emption and fall within the ambit of 12 C.F.R. Section 560.2(c)."

The Court concludes that plaintiff's third claim is preempted by 12 C.F.R. § 560.2(a), which states that the OTS has "occupie[d] the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a); Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008). If a law affects lending, "the presumption arises that the law is preempted" pursuant to 12 C.F.R. § 560.2(a). Silvas, 514 F.3d at 1005.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

Plaintiff's third claim arises under laws that affect lending and he has provided no evidence to rebut the presumption that his claims are preempted. Therefore, plaintiff's third claim is preempted by 12 C.F.R. § 560.2(a). Furthermore, defendant has not properly alleged any improper lending practices to support his claims.

### D. Plaintiff's Fourth Claim

Plaintiff alleges that defendant made fraudulent misrepresentations by partially disclosing that (1) the loan payments would be applied to both principal and interest and (2) that scheduled payments would pay off the loan over its term, but failing to disclose the fact that plaintiff was placed into a negative amortized option ARM loan. Compl. ¶ 64.

Defendant argues that plaintiff was placed on notice by paragraphs 3(E) and 3(F) of the Adjustable Rate Note that the loan was a negative amortization loan. Mot. at 7. Defendant further argues that plaintiff's fraud claim with respect to its alleged failure to disclose plaintiff's inability to repay the loan is without merit. Defendant argues that plaintiff's ability to repay was not within its knowledge and that it does not owe plaintiff any duty to disclose such information. Id. (citing Nymark v. Heart Fed. Sav. & Loan Assn. 231 Cal. App. 3d 1089, 1096 (1991)). Furthermore, defendant argues that any disclosure that it is required to make is governed by the OTS, pursuant to 12 C.F.R. § 560.2(a), and that plaintiff's fraud claim is therefore preempted. Id.

Plaintiff states that he will "amend the fourth cause of action for fraudulent omission if the Court so grants leave to amend." Opp'n at 8.

The Court concludes that plaintiff's fourth claim should be dismissed. Paragraphs 3(E) and 3(F) put plaintiff on notice that (1) his loan payments might not be applied to both interest and principal and (2) that the loan was a negative amortization loan.[1]

---

[1] Paragraph 3(E) of the subject note provides that "My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## *AMENDED * CIVIL MINUTES - GENERAL

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

Furthermore, defendant had no duty to disclose to plaintiff that he did not have the ability to repay the loan. Nymark, 231 Cal. App. 3d at 1096 ("However, as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). Lastly, as discussed supra, plaintiff's claim appears to be preempted by 12 C.F.R. § 560.2(a).

### E.   Plaintiff's Fifth Claim

Defendant argues that plaintiff's fifth claim for violation of the UCL based on violation of Cal. Fin. Code § 22302 should be dismissed because it does not apply to "any person doing business under any law of any state or of the United States relating to banks" or "savings and loan associations" and consequently does not apply to defendant. Mot. at 8 (citing Cal. Fin. Code § 22050(a)).

Plaintiff has agreed to voluntarily dismiss his fifth claim. Opp'n at 8. The Court concludes that plaintiff's fifth claim should be dismissed because Cal. Fin. Code § 22302 does not apply to defendant.

### F.   Plaintiff's Sixth Claim

Plaintiff seeks to quiet title to the property at issue such that title "is vested in Plaintiff alone and that defendants . . . be declared to have no estate, right, title, or interest in the SUBJECT PROPERTY." Compl. ¶ 88.

Defendant argues that Plaintiff's sixth claim seeking to quiet title should be dismissed because plaintiff fails to explain the basis for the competing claims to the property and because plaintiff may not quiet title without first discharging his debt. Mot.

---

[1](...continued)
Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal." Paragraph 3(F) of the note provides that "My unpaid Principal can never exceed a maximum amount equal to one hundred ten percent (110%) of the Principal amount I originally borrowed."

Case 2:09-cv-00317-CAS-SS   Document 13   Filed 02/23/09   Page 9 of 14   Page ID #:192

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

at 9 (citing <u>Aguilar v. Bocci</u>, 39 Cal. App. 3d 475, 477 (1974)).

Plaintiff responds that defendant has not cited any case or statutory authority for its proposition that plaintiff's quiet title claim has not been sufficiently pled. Opp'n at 8. Plaintiff argues that Cal. Code. Civ. P. 761.020(c) only bolsters his claim because he has "alleged the nature of [defendant's] adverse claim to title" in his complaint. <u>Id.</u>

The Court concludes that plaintiff's sixth claim should be dismissed because plaintiff cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." <u>Aguilar</u>, 39 Cal. App. 3d at 477. It is undisputed that plaintiff has not paid his debt and therefore he cannot quiet title to the subject property.

### G. Plaintiff's Seventh Claim

Plaintiff's seventh claim alleges that defendant defrauded him at the time of refinancing because defendant failed to disclose that defendant was not in possession of the original note and could not offer or engage in any refinancing transactions. Compl. ¶ 90.

Defendant contends that plaintiff must allege all elements of a fraud allegation factually and specifically. Mot. at 9. Defendant further contends that when dealing with a non-disclosure of material facts, plaintiff must plead the existence of a fiduciary relationship and the materiality of the facts in question. Mot. at 9 (citing <u>LiMandri v. Judkins</u>, 52 Cal. App. 4th 326, 336 (1997)). Here, defendant argues that plaintiff has not alleged any facts that would give rise to a duty to disclose that it was not the holder of the note. <u>Id.</u> Defendant further argues that plaintiff has not specified which promissory note he is referring to and has not explained why possession of the original note was material to his refinancing decision. Mot. at 10.

Plaintiff responds that his fraud claim has been pled with requisite particularity. Opp'n at 7. Plaintiff argues that he has alleged that (1) defendant was in possession of information "regarding its legal standing to offer Plaintiff a refinance loan on the terms and conditions dictated by [defendant]." <u>Id.</u> Plaintiff contends that he "gives specific dates, and the basis for the non-disclosure of the statements, and the statements or statement giving rise to the fraud allegation."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                  O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). There are "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." Limandri, 52 Cal. App. 4th at 336 (internal citations omitted).

The Court concludes that plaintiff's seventh claim for fraud should be dismissed because it has not been pled with the requisite particularity. Plaintiff has not alleged any facts demonstrating that defendant had a duty to disclose that it was not the holder of the subject note. Limandri, 52 Cal. App. 4th at 336. Plaintiff has also failed to allege how possession of the note was material to his financing decision. Id.

### H.     Plaintiff's Eighth Claim

Plaintiff's eighth claim seeks rescission of the foreclosure sale due to defendant's failure to post the required notice of the trustee's sale on plaintiff's home, pursuant to Cal. Civ. Code § 2924(f). Compl. ¶ 98. However, plaintiff acknowledges that he received a letter from defendant informing him of a pending foreclosure sale. Compl. ¶ 99. Consequently, defendant argues that plaintiff's admission of actual notice prevents plaintiff from challenging the validity of the foreclosure sale based on notice defects. Mot. at 10 (citing Crummer v. Whitehead, 230 Cal. App. 2d 265, 267-68 (1964)).

Plaintiff responds that "[a]llowance of non-statutory conditions and variations upon statutory schemes that are technical and require strict compliance, are made without effect and inconsequential when parties are permitted to play with established parameters." Opp'n at 6. Plaintiff further argues that "[t]he language of Sections 2924, et seq., is mandatory, requiring strict compliance with the same, otherwise, entities charged with the trustee sales would run amok, and would have no accountability for failure to give the notice required in accordance with specific statutory requirements." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

***AMENDED * CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

The Court concludes that plaintiff's eighth claim for failure to post notice of the trustee's sale, as required by Cal. Civ. Code § 2924(f), should be dismissed because plaintiff admits that he received actual notice of the pending foreclosure sale. Compl. ¶ 99; Crummer, 230 Cal. App. 2d at 267-68.

### I.     Plaintiff's Ninth Claim

Plaintiff's ninth claim alleges that defendant engaged in unfair debt collection by violating the Rosenthal Act, the FDCPA, RESPA, and Cal. Civ. Code § 2924(f). Mot. at 11. Defendant argues that plaintiff does not explain how it violated these statutes and instead improperly and indiscriminately incorporates by reference the preceding 103 paragraphs of the complaint. Mot. at 11. Defendant further argues that plaintiff cites to civil code sections that do not exist and fails to identify which portions of the cited statutes that defendant has allegedly violated. Id.

Plaintiff appears to concede that he has not properly pled his ninth claim. Opp'n at 6 ("Plaintiff's ninth cause of action can be amended to plead the proper allegations.").

The Court concludes that plaintiff's ninth claim should be dismissed because it does not adequately plead a claim under any of the cited statutes.

### J.     Plaintiff's Tenth Claim

Plaintiff alleges that defendant breached the terms of the promissory note by failing to apply any portion of the plaintiff's payments to the principal loan balance or interest. Mot. at 12.

Defendant argues that plaintiff's breach of contract claim is defective because plaintiff has not alleged that he has performed all of his obligations under the contract, as required by California law. Mot. at 12 (citing McNulty v. New Richmond Land Co., 44 Cal. App. 744, 747 (1919)). Defendant further argues that plaintiff cannot state a claim for breach of the promissory note because plaintiff admits in his complaint that he failed to make all of his monthly payments. Id. Defendant further contends that plaintiff's damage allegations are conclusory and deficient because he has set forth no facts explaining how defendant's breach caused him damages of more than $100,000. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                      O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

Plaintiff responds that he has properly alleged a claim for breach of contract because he "has at least implied the basis of his non-performance, which is the breach by [defendant] in drafting a Note with prohibitive and unconscionable terms." Opp'n at 5.

Defendant responds that plaintiff cannot use the doctrine of unconscionability to support his breach of contract claim because "[t]he doctrine of unconscionability has historically provided only a defense to enforcement of a contract." Reply at 8 (quoting California Grocers Assn. v. Bank of Am., 22 Cal. App. 4th 205, 217 (1994)). Defendant further argues that the doctrine of unconscionability "does not in itself create an affirmative cause of action, but merely codifies the defense of unconscionability." Id. Moreover, defendant argues that plaintiff's claim should be dismissed because paragraph 3(E) of the note expressly provides that the amount of plaintiff's monthly payment may not be sufficient to cover both principal and interest. Reply at 9 (citing Compl. Ex. A).

The Court concludes that plaintiff's tenth claim for breach of contract should be dismissed. In order to state a claim for breach of contract, a plaintiff must plead "(1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to plaintiff therefrom. Acoustics, Inc. v. Trepte Constr. Co., 14 Cal. App. 3d 887, 913 (1971). Plaintiff cannot state a claim for breach of contract by stating that the terms of the contract are unconscionable.[2] California Grocers, 22 Cal. App. 4th at 217 (holding that the doctrine of unconscionability "does not in itself create an affirmative cause of action, but merely codifies the defense of unconscionability."). Furthermore, paragraph 3(E) of the note put plaintiff on notice that his monthly payments might not be sufficient to cover both principal and interest.

### K.     Plaintiff's Eleventh Claim

Plaintiff claims that defendant breached the covenant of good faith and fair dealing by not complying with TILA's disclosure requirements and by not informing plaintiff that he "could not qualify for the loan." Compl. ¶ 116.

Defendant argues that the implied covenant of good faith and fair dealing cannot be used to vary the express terms of a contract. Mot. at 12 (citing Price v. Wells Fargo

---

[2] However, plaintiff may be able to state a claim for rescission based on the alleged unconscionability of the contract.

Case 2:09-cv-00317-CAS-SS   Document 13   Filed 02/23/09   Page 13 of 14   Page ID #:196

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                O

**\*AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

Bank, 213 Cal. App. 3d 465, 479 (1989); Ford v. Manufacturers Hanover Mort. Corp., 831 F. 2d 1520, 1524 (9th Cir. 1987)).  Defendant further argues that it is unclear how its alleged TILA violations relate to the terms of the promissory note.  Mot. at 13.

     Plaintiff responds that he has properly pled a claim for breach of the implied covenant of good faith and fair dealing.  Opp'n at 3.  Plaintiff argues that he has alleged (1) that defendant had superior knowledge in the real estate, lending, and finance industries; (2) that defendant used its superior knowledge to hide the fact that it was obligated to comply with mandatory disclosure requirements pursuant to TILA; and (3) that this failure has caused plaintiff "both equitable and monetary damages."  Id. at 4.

     The Court concludes that plaintiff's eleventh claim for breach of the implied covenant of good faith and fair dealing should be dismissed.  As discussed supra, it appears that the features of the loan that plaintiff complains of were disclosed to him.  Compl. ¶ 13, Ex. D.  As a general rule, the covenant of good faith and fair dealing "will not be implied to vary the express unambiguous terms of a contract." Ford v. Manufacturers Hanover Mort. Corp., 831 F. 2d 1520, 1524 (9th Cir. 1987).  Furthermore, as discussed supra, defendant had no duty to disclose to plaintiff that he "could not qualify for the loan."

    **L.**    **Plaintiff's Twelfth Claim**

     In his twelfth claim, plaintiff seeks declaratory relief against all defendants.  Plaintiff alleges that "a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights under the Note and as to defendants' right to proceed with its remedies."

     Defendant argues that plaintiff's request for declaratory relief must fail because it is a recast of all of his other failed claims.  Mot. at 13 (citing Madrigal v. Ryder, 2007 WL 1686994, \*3 (W.D. Wash. 2007)).

     The Court concludes that plaintiff's twelfth claim for declaratory relief should be dismissed.  Pursuant to Cal. Code Civ. P. § 1060, a party to a contract "who desires a declaration of his or her rights and duties" may seek declaratory relief.  The "interpretation of a contract is clearly a proper subject of declaratory relief." Southern Cal. Edison Co. v. Superior Court, 37 Cal. App. 4th 839, 847 (1995).  However, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## *AMENDED * CIVIL MINUTES - GENERAL

| Case No. | CV 09-317 CAS (SSx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | JEFF CROSS v. DOWNEY SAVINGS AND LOAN ASSOCIATION | | |

is not seeking an interpretation of the contract language, but rather a declaration that defendant has breached the contract and violated the statutes cited in the complaint. See Compl. ¶ 119. In such cases, where "the rights of the complaining party have crystallized into a cause of action for past wrongs," a court may refuse to entertain an action for declaratory relief. Warren v. Kaiser Foundation Health Plan, Inc., 47 Cal. App. 3d 678, 683 (1975).

## V.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss as to plaintiff's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth claims with 20 days leave to amend.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |